# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHOUN RANDOLPH

**DEFENDANTS**
SUPERPAC, INC., LISA FABER

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Olugbenga O. Abiona, ABIOLA LAW PLLC,
215-625-0330, P. O. Box 3326, Cherry Hill, NJ 08034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 2000e-et seq.

Brief description of cause:
Race Discriminatory Termination of Employment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____  DOCKET NUMBER _____

DATE: May 2, 2022

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Philadelphia, PA__

Address of Defendant: __1220 Industrial Boulevard, Southampton, PA 18966__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __May 2, 2022__ _____ 57026
                    Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Olugbenga O. Abiona, Esq.__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __May 2, 2022__ _____ 57026
                    Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

SHOUN RANDOLPH
    Plaintiff,

vs.

SUPERPAC, INC.
LISA FABER
    Defendants

: CIVIL ACTION No.
:
:
:
:
:
:
:
:
:

---

## COMPLAINT AND JURY DEMAND

### I.  INTRODUCTION

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon his causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendants SuperPac, Inc. (hereinafter "Superpac"), and Lisa Faber, (hereinafter ("Faber"), rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act 42 U.S.C. 2000e-et seq., (Title VII), Civil Rights Act, 42 U.S.C. §1981, which prohibit discrimination on the bases of race, and retaliation by employers and any person because of complaints of race discrimination, and is brought by Plaintiff to redress arbitrary, malicious,

1

reckless, improper, unlawful, willful, and deliberate discrimination and retaliation by Defendants. This action also arises under the Americans with Disability Act (ADA).

4. This action also arises under the PHRA which prohibits discrimination on the bases of race, and retaliation by employers and any person because of complaints of race discrimination, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful and deliberate discrimination and retaliation by Defendants. Plaintiff has exhausted his administrative remedies under Title VII and the PHRA as it has been over one year since he dual filed his administrative complaints with the EEOC and PHRC, and on February 15, 2022, the EEOC issued Plaintiff his right to sue notice. See copy attached hereto.

II. **JURISDICTION, VENUE AND PARTIES**

5. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. This Court also has supplemental jurisdiction over Plaintiff's state law claims.

6. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

8. Plaintiff, Shoun Randolph, is an adult individual, residing at 4936 North Broad Street, Apt. 2, Philadelphia, PA, and belongs to the protected class under the applicable statutes in this case. Plaintiff is a black African-American male by race.

9. Defendant, Superpac is a business entity, registered to operate in the Commonwealth of Pennsylvania, with its business offices located at 1220 Industrial Boulevard, Southampton, PA 18966.

10. Defendant Faber, Caucasian, is a citizen of the United States and upon information and belief currently resides within the Commonwealth of Pennsylvania.

### III. BRIEF STATEMENT OF FACTS

11. On or about April 30, 2020, Superpac hired Plaintiff as a Janitor.

12. Superpac assigned Plaintiff to its 3 p.m. to 11 p.m. shift, and assigned another Janitor, Jeffrey Supendgen, (hereinafter "Supendgen") Caucasian male, to its 7 a.m. to 3 p.m. shift.

13. On or about October 19, 2020, Plaintiff started noticing that employee(s) were stuffing the toilets in the Men's Bathroom, with brown paper towels during his shift. Plaintiff reported these observations to his Supervisor, Dan Holdsworth, (Caucasian male). Mr. Holdsworth told Plaintiff that he will report the incident to Superpac's Human Resources, but did not get back to Plaintiff about Superpac's response.

14. On or about November 1, 2020, Plaintiff reported to Mr. Holdsworth about continued stuffing of the toilets with paper towels and now, someone urinating on the floor in the locker room, and that these activities only happened during Plaintiff's shift. Plaintiff also reported these incidents to the Night time Supervisor, Alberto Burgos (Hispanic Male).

15. Plaintiff complained to these supervisors that he felt this despicable conduct was happening only during his shift and not during Supendgen's shift and that it is racially motivated because Plaintiff is black and Supendgen is white.

16. Mr. Holdsworth told Plaintiff that he would take it to Superpac's H.R., but Plaintiff received no immediate response from Mr. Holdsworth or Superpac's H.R.

17. Plaintiff is a person with disability under the ADA, with a history of cardio-vascular disease.

18. Between November 14 and December 10, 2020, Plaintiff went out on Short Term Disability leave for stress related illness. Plaintiff's blood pressure was highly elevated, and had to go through a battery of tests in the hospital.

19. Plaintiff returned to work on part-time basis on December 10, 2020, and full-time on December 21, 2020.

20. On or about January 12, 2021, Plaintiff reported to another his Supervisor, Jeremy Pasternak (Caucasian male), that Plaintiff's co-worker, Supendgen was not doing his work and leaving work for Plaintiff to do, and that Supendgen would tell

4

Plaintiff, "Hey Shoun, I left some work for you to do". Plaintiff told Superpac that other co-workers would tell Plaintiff that they would wait for Plaintiff to report to work to clean the bathrooms because Supendgen wasn't cleaning the bathrooms.

21. Mr. Pasternak told Plaintiff to report these incidents to Superpac's Human Resources, but he did not think Superpac would take any action.

22. On or about January 13, 2021, Plaintiff complained to Superpac's H.R. Manager, Lisa Faber, about Supendgen's failure to clean the bathrooms and leaving work for Plaintiff to do, and the stuffing of paper towels in the toilets, urinating on the floor by one or more employees, and the fact that he felt these conducts were racially motivated.

23. However, Defendants never took any remedial action against Supendgen, nor with regards to Plaintiff's complain that he was being subjected to race discriminatory actions with regards to how he was being treated as compared to Supendgen and the hostile work environment he was experiencing.

24. Faber told Plaintiff that Supendgen "was slow minded and was a project from their church".

25. Faber told Plaintiff that she couldn't do anything about the employees' behavior in the bathrooms and locker room because Superpac could not place surveillance cameras inside those locations, and thus took no remedial action with regards to Plaintiff's complaint.

26. Faber also refused to change Plaintiff's shift, and these outrageous behaviors continued only during Plaintiff's shift.

27. On or about March 19, 2021, Plaintiff observed feces smeared on the wall inside the bathroom and reported this despicable conduct to his supervisor, Mr. Holdsworth. Mr. Holdsworth failed to take any remedial action against this conduct but told Plaintiff to clean the feces off the wall. Plaintiff reported this incident and all previous incidents to Superpac's Vice-President, Andrew Weir (Caucasian male). Mr. Weir told Plaintiff he would tell Faber about it.

28. On Monday, March 22, 2021, when Plaintiff came to work, he saw feces on the floor in the Shipping Men's bathroom. Plaintiff reported this incident to Mr. Burgos. Plaintiff also reported this incident by a text message to Faber that night, with pictures of the feces on the floor. Faber responded that she would get to the bottom of it.

29. On or about March 26, 2021, Plaintiff had a meeting with Faber and Dale Thomas (Caucasian male), Superpac's Maintenance Supervisor, where Plaintiff repeated that he felt these conducts happening only during his shift was racially motivated because it did not happen during Supendgen's shift and he was being targeted.

30. At this meeting, Faber told Plaintiff that he was being too sensitive.

31. Plaintiff asked Faber and Thomas to change his shift, but they refused.

32. Plaintiff was also told at this meeting to stop taking picture evidence of these incidents, apparently to prevent Plaintiff from preserving evidence of his complaints.

33. On or about April 2 or 3, 2021, Plaintiff again observed smeared feces on the Cafeteria door, asked Dan Holdsworth to come and witness the incident and then sent a text message to Faber advising her of yet another incident of this act. Faber did not text Plaintiff back, but called Plaintiff on a conference call with Mr. Holdsworth and told Plaintiff that she already discussed this matter with Plaintiff. Plaintiff told Faber that the incidents were still occurring and Superpac has failed to take remedial action to stop it from happening, but it never happens during Supendgen's shift.

34. On April 27 and 28, 2021, Plaintiff sent text messages to Dale Thomas and Faber about the racially motivated hostile work environment he was being subjected to and that he was taking a "Stress day" and thought that he would have heard something from Superpac about a resolution to his complaints, but hadn't.

35. Plaintiff took stress leave because of his disability and requested ADA accommodation.

36. On Friday, April 30, 2021, at 12:08 p.m., Faber sent Plaintiff a text message stating she would be calling Plaintiff at 1:00 p.m. and asked if Plaintiff would be available.

37. At about 1:00 p.m. on April 30, 2021, Faber called Plaintiff and told Plaintiff that he was "being laid off" and would be receiving the separation papers by FedEx the next day.

38. On Saturday, May 1, 2021, Plaintiff received correspondence from Faber terminating Plaintiff's employment with Superpac, with a Separation Agreement and General Release document, requesting Plaintiff to release Superpac from any claims under Title VII, and other federal or state statutory claims.

39. Plaintiff asserts that he was subjected to racially motivated discrimination and hostile work environment because of his race by Defendants, and thereafter was subjected to retaliatory termination of his employment because he engaged in protected activities under Title VII, Section 1981, the ADA and PHRA.

IV          **STATEMENT OF CLAIM**

**COUNT ONE- SECTION 1981 VIOLATION -RACE DISCRIMINATION**
**PLAINTIFF V. ALL DEFENDANTS**

40. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 39 above as if same were fully set forth at length herein.

41. The acts and conducts of Defendants as stated above where Plaintiff was subjected to racially motivated discriminatory actions, harassment and hostile work environment were violations of Section 1981 of the Civil Rights Act.

42. As a direct and proximate result of the said discriminatory practices of Defendants in violation of Section 1981 of the Civil Rights Act, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of back pay, as well as mental anguish, emotional distress, humiliation, and compensatory damages.

### COUNT TWO – TITLE VII VIOLATION – Race Discrimination
### Plaintiff v. Superpac, Inc.

43. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 42 as if the same were fully set forth at length herein.

44. The acts and conducts of the Defendant as stated above where Defendant discriminated against Plaintiff because of his race as to the conditions, benefits, privileges, and opportunities of employment were violations of Plaintiff's rights under the Civil Rights Act, Title VII.

45. The acts and conducts of the Defendant as stated above where Defendant subjected Plaintiff to racially motivated harassment and hostile work environment were violations of Plaintiff's rights under the Civil Rights Act, Title VII.

46. The acts and conducts of the Defendant as stated above where Defendant terminated Plaintiff's employment because of his race was a violation of Plaintiff's rights under the Civil Rights Act, Title VII.

47. As a direct and proximate result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of

back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT THREE – ADA VIOLATION – Disability Discrimination
### Plaintiff v. Defendants

48. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 47 as if the same were fully set forth at length herein.

49. The acts and conducts of the Defendants as stated above where Defendants terminated Plaintiff and discriminated against Plaintiff because of his disabilities and also failed to accommodate Plaintiff's disabilities by denying him stress leave because of his disability, were violations of Plaintiff's rights under the Americans with Disability Act.

50. As a direct and proximate result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and compensatory damages.

### COUNT FOUR – PHRA VIOLATION – Race and Disability Discrimination
### Plaintiff v. Defendants

51. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 50 as if the same were fully set forth at length herein.

52. The acts and conduct of the Defendants as stated above where Defendants discriminated against Plaintiff because of his race and disabilities and failed to accommodate Plaintiff's disabilities, were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

53. Defendant Faber aided and abetted Superpac's discrimination of Plaintiff because of his race and disabilities.

54. As a direct and proximate result of the said discriminatory practices of the Defendants, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and compensatory damages.

### COUNT FIVE – TITLE VII VIOLATION –Retaliation
### Plaintiff v. Superpac, Inc.

55. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 54 as if the same were fully set forth at length herein.

56. The acts and conducts of the Defendant Superpac, Inc., through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant subjected Plaintiff to retaliatory termination of his employment because he complained of violation of his rights under Title VII of the Civil Rights Act were violations of Plaintiff's rights under this statute.

57. As a direct and proximate result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and compensatory damages.

### COUNT SIX- SECTION 1981 VIOLATION – Retaliation
### Plaintiff v. Defendants

58. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 57 as if the same were fully set forth at length herein.

59. The acts and conducts of the Defendants as stated above where Defendants subjected Plaintiff to retaliatory adverse actions because he opposed and complained about race discrimination and conducts he reasonably believed to be racial harassment and hostile work environment were violations of Plaintiff's rights under Section 1981 of the Civil Rights Act.

60. As a direct and proximate result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and compensatory damages.

### COUNT SEVEN – ADA VIOLATION –Retaliation
### Plaintiff v. Defendants

61. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 60 as if the same were fully set forth at length herein.

62. The acts and conducts of the Defendants as stated above where Defendants subjected Plaintiff to retaliatory actions because he exercised his rights under the ADA were violations of Plaintiff's rights under the Americans with Disabilities Act.

63. As a direct and proximate result of the said retaliatory practices of the Defendants, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and compensatory damages.

### COUNT EIGHT- PHRA VIOLATION – Retaliation
### Plaintiff v. Defendants

64. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 63 as if the same were fully set forth at length herein.

65. The acts and conducts of the Defendants as stated above where Defendants subjected Plaintiff to retaliatory adverse actions because he opposed and complained about race discriminatory practices and because he sought accommodation for his disabilities were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

66. Defendant Faber aided and abetted the retaliatory actions against Plaintiff by Defendant Superpac.

67. As a direct and proximate result of the said retaliatory practices of the Defendants, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of

back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and compensatory damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants and request that this Honorable Court:

A. Enter judgment against Defendants for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other equitable relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

Olugbenga O. Abiona, Esquire
Attorney ID # 57026
P.O. Box 3326
Cherry Hill, NJ 08034
(215) 833-8227
Attorney for Plaintiff

Dated: May 2, 2022

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Mr. Shoun Randolph
4936 North Broad Street Apt. 2
Philadelphia, PA 19141

From: Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, Pennsylvania, 19107

EEOC Charge No.
530-2021-03281

EEOC Representative
Legal Unit

Telephone No.
(267) 589-9707

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- More than 180 days have passed since the filing of this charge.
- The EEOC is terminating its processing of this charge.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Karen McDonough,
Acting Director

2/15/22
(Date Mailed)

Enclosures(s)

cc: William Catto
Freeman Mathis & Gary, LLP
1600 MARKET ST STE 1210
Philadelphia, PA 19103